UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 FEB 28 PH 3: 24

R.D. C. ALABAMA

JACQUELINE WYATT, )
)
    Plaintiff, )
)
vs. ) CV 00-BU-1236-S
)
ALABAMA QUALITY ASSURANCE ) **ENTERED**
FOUNDATION, et al., )
) **FEB 2 8 2001**
    Defendants. )

## MEMORANDUM OPINION

This case is presently pending before the Court on motion for summary

judgment (Doc. 22), filed by Defendants, and  motion to strike affirmative defense

and the declaration of Dorinda Cale (Doc. 25), filed by Plaintiff.  Plaintiff sued

Defendants, alleging that they discriminated against her on the basis of her gender,

race, and age, as well as retaliated against her for filing an EEOC charge.  She also

alleges she was constructively discharged and that Defendants conspired to deprive

her of her civil rights.  She alleges the state law claims of negligent supervision and

defamation.

Defendants have moved for summary judgment, asking this Court to dismiss

all of Plaintiff's claims.  Plaintiff has filed a motion to strike, asking the Court to strike

Defendants' affirmative defense to her Equal Pay Act claim and to strike the



declaration of Defendant Dorinda Cale, an employee of Alabama Quality Assurance Foundation.

Based on the Court's review of the parties' briefs and evidentiary submissions, the Court finds that Defendants' motion for summary judgment is due to be granted; Plaintiff's motion to strike is due to be granted in part and denied in part.

## I.   SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the court assesses all of the proof the parties can bring to bear in order to ascertain whether a genuine need for trial is present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Summary judgment is weighed heavily in favor of the non-movant; it is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party seeking summary judgment has the initial responsibility of informing the Court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; 106 S. Ct. at 2553;  *see also Clark v. Coats & Clark,*

Inc., 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its

initial burden, the nonmoving party "must make a sufficient showing to establish the

existence of each essential element to that party's case, and on which that party will

bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523

(11th Cir. 1994). In resolving whether a given factual dispute requires submission

to a jury, a district court must view the record in the light most favorable to the

nonmoving party and resolve all reasonable inferences in the nonmovant's favor.

*Rooney v. Watson*, 101 F.3d 1378, 1380 (11th Cir. 1996) (citing *Hale v. Tallapoosa*

*Co.*, 50 F.3d 1579, 1581 (11th Cir. 1995)).

## II.   DISCUSSION

Defendant Alabama Quality Assurance Foundation (AQAF), employed

Plaintiff Jacquelyn Wyatt from October 1997 until May 1999. Plaintiff alleges

numerous claims against AQAF and certain employees and officers[1] relating to her

employment with AQAF. Plaintiff's complaint contains the following claims:

| Count I: | Equal Pay Discrimination |
|---|---|
| Count II: | Title VII Racial Discrimination |
| Count III: | 42 U.S.C. § 1981 Racial Discrimination |
| Count IV: | Retaliation (Title VII) |
| Count V: | Constructive Discharge (Title VII) |
| Count VI: | Age Discrimination |
| Count VII: | 42 U.S.C. § 1985(3) Conspiracy to Deprive Civil Rights |

---

[1]The employees and officers named as Defendants in this action are: Dorinda
Cale, Account Pharmacist; James DeLong, Assistant Medical Director/Project Manager;
Paula G. Harris, Staff Pharmacist; H. Terrell Lindsey, President and CEO of AQAF; H.
Gordon Mitchell, Associate Medical Director/Project Manager; Vickie Shunnarah, Staff
Pharmacist; and Richard L. Zorn, Chief Financial Officer of AQAF.

Count VIII: Failure to Prevent Conspiracy to Deprive Civil Rights (42
U./S.C. § 1986)
Count IX: Negligent Supervision
Count X: Defamation and Slander

Doc. 1.  The complaint does not contain a claim for sex discrimination in violation

of Title VII, which Plaintiff asserts in her brief in opposition to Defendants' motion for

summary judgment.  Therefore, such claim is not before this Court.

The Court has reviewed the lengthy recitation of facts contained in the briefs

of parties and finds no purpose will be served by reciting the myriad of facts in this

opinion.  Viewing the facts in the light most favorable to the non-moving party, the

Court finds, as set forth below, that there are no disputed issues of material fact and

that Defendants are entitled to judgment as a matter of law.

## A.    EQUAL PAY ACT

Plaintiff contends that Defendants violated the Equal Pay Act (EPA) when

they failed to pay Plaintiff a salary comparable to the salary paid her male

predecessor, Mitchell, and her male successor, DeLong.  Defendants contend that

Plaintiff has conceded any EPA claim based on the salaries received by Mitchell

and DeLong.  In their Statement of Facts, Defendants cite Plaintiff's deposition

testimony as evidence of this concession.  Defendants' Brief in Support of Motion

for Summary Judgment, p. 23 ("Ms. Wyatt does not contend that she should  have

been paid the same salary as either Dr. Mitchell or Dr. DeLong because they are

physicians." (citing "Wyatt Depo.,  at pp. 270-72, 515")).  Plaintiff responded to this

statement, as required by this Court's Appendix A, stating, "Admitted as to Wyatt's belief. Disputed as to what Wyatt was entitled to under the Equal Pay Act." Doc. 26, ¶ 165. This statement, without citation to the record as required by Appendix A, does not address Defendants assertion that Plaintiff does not "contend" that she should be paid the same salary as the physicians. Moreover, nothing in Plaintiff's argument explains the inconsistency between Plaintiff's clear testimony that Mitchell and DeLong are not her comparators with the assertion in her brief that they are the only proper comparators.

Identifying proper comparators is part of Plaintiff's prima facie case. *Strag v. Board of Trustees, Craven Community College*, 55 F.3d 943, 948 (4th Cir. 1995); *see also E.E.O.C. v. White and Son Enterprises*, 881 F.2d 1006, 1009 (11th Cir. 1989). Plaintiff's brief in opposition to Defendants' motion for summary judgment identifies only Mitchell and DeLong as comparators. Although she argues in her brief that the fact that Mitchell and DeLong are doctors should not disqualify them as Plaintiff's comparators, nothing explains the inconsistency between this position and her sworn testimony that Mitchell and DeLong are not proper comparators. Such an explanation is required in order for Plaintiff to avoid being bound by her unequivocal deposition testimony. *Cf. Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987)("The law in this circuit is that a party cannot give "clear answers to unambiguous questions" in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that *fails to explain the contradiction*."

(citing *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir.1984))(emphasis added); *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4 (1st Cir.1994)("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not *give a satisfactory explanation of why the testimony is changed*")(emphasis added); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 237 (7th Cir. 1991)("We have consistently held that a genuine issue of material fact cannot be established by a party contradicting his own earlier statements *unless there is a plausible explanation for the incongruity*." (citing *Richardson v. Bonds*, 860 F.2d 1427, 1433 (7th Cir.1988))(emphasis added).

The Court finds that Plaintiff has failed to explain the clear inconsistency between her deposition testimony and her position before the Court on motion for summary judgment with regard to who are her comparators. Thus, the Court finds that Plaintiff has failed to present a prima facie case of an Equal Pay Act violation. Defendants' motion for summary judgment is due to granted and Plaintiff's Equal Pay Act claim is due to be dismissed.

Because the Court finds that Plaintiff has not established a prima facie case of a violation of the Equal Pay Act , the Court finds that Plaintiff's motion to strike Defendants' affirmative defense is due to be denied as moot.

## B. TITLE VII AND § 1981 RACIAL DISCRIMINATION AND RETALIATION CLAIMS (Including Constructive Discharge)

The Court has reviewed the briefs and evidence submitted by the parties and finds that there is no disputed issue of material fact and that Defendants are entitled to judgment as a matter of law. *See Bass v. Board of County Commissioner*, No. 99-10579, 2001 WL 169746, *18 (11th Cir. Feb. 21, 2001); *Elrod v. Sears, Roebuck, & Co.*, 939 F.2d 1466, 1470 (11th Cir.1991)(citing *Hawkins v. Ceco Corp.*, 883 F.2d 977, 980 n. 2 (11th Cir.1989), *cert. denied*, 495 U.S. 935, 110 S. Ct. 2180, 109 L. Ed. 2d 508 (1990)); *Sweeney v. Alabama Alcoholic Beverage Control Board*, 117 F. Supp.2d 1266, 1272-73 (M.D. Ala. 2000); *see Doe v. Dekalb County School District*, 145 F.3d 1441, 1450 (11th Cir. 1998)(citing *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1317 (11th Cir.1989); *Young v. Southwestern Savings & Loan Assoc.*, 509 F.2d 140, 144 (5th Cir.1975). Therefore, Defendants' motion for summary judgment as to Plaintiff's Title VII and § 1981 claims for race discrimination and retaliation, including her constructive discharge claim, is due to be granted and Counts II, III, IV, and V are due to be dismissed.

## C. AGE DISCRIMINATION

Plaintiff does not oppose dismissal of her age discrimination claim. Therefore, Defendants' motion for summary judgment is due to be granted and Count VI of Plaintiff's complaint is due to be dismissed.

### D. CONSPIRACY TO DEPRIVE CIVIL RIGHTS & FAILURE TO PREVENT CONSPIRACY TO DEPRIVE CIVIL RIGHTS (42 U.S.C. §§ 1985 & 1986)

Plaintiff does not oppose dismissal of her § 1985 and § 1986 claims.

Therefore, Defendants' motion for summary judgment is due to be granted and

Counts VII and VIII of Plaintiff's complaint are due to be dismissed.

### E. NEGLIGENT SUPERVISION

Plaintiff's negligent supervision claim, as set forth in her complaint, is as

follows:

> Defendants AQAF and Lindsey and Zorn owed a duty of care to [Plaintiff] to protect her from Mitchell's interference with her duties to AQAF. Mitchell took deliberate steps to communicate to Plaintiff and all involved with [the Contract] that [Plaintiff] was the Project Director. Mitchell rewarded [Plaintiff's] performance as Project Director with a $2,000 bonus in December 1998, paid from Mitchell's personal account. If Mitchell was not authorized to take such steps, AQAF, Lindsey, and Zorn negligently failed to supervise the activities and demeanor of [Plaintiff's] supervisor [Mitchell]. In so doing, these Defendants failed to take any known steps to eradicate Mitchell's inappropriate behavior, to discipline him or control him. By doing nothing, these Defendants breached the duty of care owed to [Plaintiff].

Doc. 1, ¶ 56. Plaintiff's assertion that Mitchell's promotion of her and his giving her

a bonus does not state a claim for negligent supervision. Moreover, there is no

evidence that his "interference" with her duties constituted a tort and/or that

Defendants AQAF, Lindsey, and/or Zorn had any knowledge of Mitchell's

incompetency. With regard to Plaintiff's negligent supervision claim, the Court finds,

based on the parties' briefs and evidentiary submission, that there are no disputed

Page 8 of 10

issues of material fact and that Defendants are entitled to judgment as a matter of law. *See Ahart v. Host Marriott Corp.*, No. CIV A 95-00340CB-C, 1996 WL 1057054, *7 (M.D. Ala. May 24, 1996); *Stevenson v. Precision Standard, Inc.*, 762 So.2d 820, 824-25 (Ala. 1999); *Ledbetter v. United American Insurance*, 624 So.2d 1371, 1373 (Ala.1993); *Mardis v. Robbins Tire & Rubber Co.*, 669 So.2d 885, 889-90 (Ala. 1995); *Big B., Inc. v. Cottingham*, 634 So.2d 999, 1003 (Ala.1993). Therefore, Defendants' motion to dismiss Plaintiff's negligent supervision claim is due to be granted and Count IX of Plaintiff's complaint is due to be dismissed.

## F. DEFAMATION AND SLANDER

Plaintiff does not oppose dismissal of her defamation and slander claims. Therefore, Defendants' motion for summary judgment is due to be granted and Count X of Plaintiff's complaint is due to be dismissed.

## G. MOTION TO STRIKE DECLARATION OF DORINDA CALE

Plaintiff's motion to strike the declaration of Dorinda Cale is due to granted because the declaration is not dated as required by 28 U.S.C. § 1746. The Court has not considered the declaration in deciding Defendants' motion for summary judgment.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion to strike Defendants' affirmative defense to her Equal Pay Act claim (Doc. 25) is due to be denied as moot; Plaintiff's motion to strike the declaration of Dorinda Cale (Doc. 25) is due to be

granted. Also, for the reasons set forth above, the Court finds that Defendants'
motion for summary judgment (Doc. 22), as to all of Plaintiff's claims, is due to be
granted. The Court finds no existing disputed issue of material fact and that
Defendants are entitled to judgment as a matter of law.

The Court will enter an Order contemporaneously herewith in accordance with
this Memorandum Opinion granting summary judgment in favor of Defendants on
all claims of Plaintiff.

DONE this _____ day of February, 2001.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE